UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

BRADLEY J. PERKINS and BRENDA L. PERKINS,

                       Plaintiffs,


            - vs -                             Civ. Action No. 5:14-CV-1378
                                                 (LEK/DEP)

SUNBELT RENTALS, INC.;
IRON & OAK, INC.;
GREAT NORTHERN EQUIPMENT
DISTRIBUTING, INC., d/b/a IRON & OAK
COMMERCIAL PRODUCTS; AND
PMW HOLDINGS, INC.

                       Defendants.
_____


_____
MEMORANDUM OF LAW IN OPPOSITION TO
DEFENDANT GREAT NORTHERN EQUIPMENT DISTRIB., INC.'S
MOTION TO DISMISS THE COMPLAINT
_____


                       By:


                                   CULLEY MARKS TANENBAUM & PEZZULO LLP
                                   *Attorneys for Defendant Sunbelt Rentals, Inc.*
                                   36 West Main Street, Suite 500
                                   Rochester, New York 14614
                                   Tel. (585) 546-7830
                                   Fax (585) 546-6185

## **TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  1

STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

    A.    The factual events as pleaded . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

    B.    Additional pertinent facts for consideration . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ARGUMENT

    POINT I:    GREAT NORTHERN HAS FAILED TO ESTABLISH THAT
        IT IS NOT SUBJECT TO PERSONAL JURISDICTION . . . . . . . . . . . . 2

        A.    The Escrow Account Creates an Issue of Fact
            Regarding Whether Great Northern Formally
            Assumed Brave Products' Debts . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

        B.    There is A Question of Fact Regarding Whether
            Great Northern De Facto Merged With Brave Products . . . . . . . . . . . . . . . 5

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

## <u>TABLE OF AUTHORITIES</u>

<u>CASES</u>

*Cargo Partner AG*, 352 F.3d 41, 45 (2d Cir. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 5

*Nettis v. Levitt*, 241 F.3d 186, 193 (2d Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Schumacher v. Richards Shear Co.*, 59 N.Y.2d 239, 244-245 (1983) . . . . . . . . . . . . . . . . . . . 2, 5

*Sweatland v. Park Corp.*, 181 A.D.2d 243, 245 (4 Dept 1992). . . . . . . . . . . . . . . . . . . . . . . . . 3, 5

*Wensing v. Paris Industries - New York*, 558 N.Y.S.2d 692 (3 Dept 1990). . . . . . . . . . . . . . . 5, 7

## PRELIMINARY STATEMENT

Defendant Sunbelt Rentals, Inc. ("Sunbelt") opposes Defendant Great Northern

Equipment Distributing, Inc.'s ("Great Northern") motion to dismiss the Complaint pursuant to

F.R.C.P. 12. As set forth in below, Great Northern has not met its burden of proof on the issue

of whether it is subject to personal jurisdiction. At the least, there is a question of fact regarding

whether or not Great Northern is liable for Brave Products' (seller) debts under the Asset

Purchase Agreement between Brave (seller) and Great Northern (purchaser). For that reason

alone, Great Northern's motion to dismiss must be DENIED.


## STATEMENT OF FACTS

A.    The factual events as pleaded

Sunbelt stipulates to the "The factual events as pleaded" as set forth in Great Northern's

Memorandum of Law.


B.    Additional Pertinent Facts for Consideration

The sale of Brave Products' assets to Great Northern is governed by the Asset Purchase

Agreement ("Purchase Agreement"). DiFranco Declaration, Exhibit A. Pursuant to the Purchase

Agreement, Great Northern purchased "substantially all of the assets of Seller [Brave Products]."

In connection with the Purchase Agreement, Great Northern and Brave Products arranged for the

deposit of $50,000 into an Escrow Fund, to be used in the event that a third party product liability

claim was asserted against Great Northern arising out of the use of a product manufactured by

Brave Products prior to the purchase. The Escrow Agreement was executed in connection with

the Purchase Agreement and governs the terms and conditions of the Escrow Fund. See

DiFranco Declaration, Exhibits A and B. The $50,000 was to be deposited by Great Northern

-1-

out of the purchase price and was to be utilized in the event of a claim, such as this claim, against Great Northern.

Finally, Brave Products' owner, Paul Walker, confirmed that within months after Brave Products was sold to Great Northern, it filed for dissolution.  DiFranco Declaration, Exhibit C.

## ARGUMENT

### POINT I:     GREAT NORTHERN FAILED TO ESTABLISH THAT IT IS NOT SUBJECT TO PERSONAL JURISDICTION.

Defendant Great Northern argues that it is not subject to personal jurisdiction in New York because it was not involved in the stream of commerce for the subject log splitter, which was manufactured and sold by Brave Products prior to Great Northern's purchase of some of Brave Products' assets in June of 2013.

Great Northern identifies the applicable exceptions to the general rule that an asset purchaser is not liable for the seller's debts.  The law is clear that an asset purchaser is liable for the seller's debts in four circumstances, including where (1) the buyer formally assumes the seller's debts; (2) the transaction is undertaken to defraud creditors; (3) the buyer *de facto* merged with the seller; or (4) the buyer is a mere continuation of the seller.  *Cargo Partner AG*, 352 F.3d 41, 45 (2d Cir. 2003); *Schumacher v. Richards Shear Co.*, 59 N.Y.2d 239, 244-245 (1983).

The Second Circuit has held that, "when a successor firm acquires substantially all of the predecessor's assets and carries on substantially all of the predecessor's operations, the successor

may be held to have assumed its predecessor's... liabilities, notwithstanding the traditional rule."
*Nettis v. Levitt*, 241 F.3d 186, 193 (2d Cir. 2001), *overruled on other grounds by Slayton v. Am.
Express Co.*, 460 F.3d 215 (2d Cir. 2006); see also, *Sweatland v. Park Corp.*, 181 A.D.2d 243,
245 (4 Dept 1992) (where a material issue of fact is raised regarding whether the transaction
constituted a de facto merger, the opposing party is entitled to conduct discovery on the issue).

Applying these principles to the instant matter, there is at least a question of fact
regarding whether (1) Great Northern formally assumed Brave Products' debts; and (2) Great
Northern de facto merged with Brave Products.

### A.      The Escrow Account Creates an Issue of Fact Regarding<br>Whether Great Northern Formally Assumed Brave Products' Debts.

First, there is an issue of fact as to whether Great Northern formally assumed Brave
Products' debts.  Although Great Northern asserts that it expressly excluded Brave Product's
debts and liabilities from the Asset Purchase Agreement, it fails to acknowledge the fact that
Great Northern established an Escrow Fund for any liabilities of Brave Products that any third
party sought to hold it (Great Northern) liable for.  Through the Escrow Fund, Great Northern
did, in fact, agree to assume certain liabilities of Brave Products, including the liability at issue.

Pursuant to the Purchase Agreement, Brave Products agreed to defend, indemnify and
hold Great Northern harmless from any and all damages, claims, and suits against Great Northern
arising from "any product liability claim or negligence, strict tort or any other claim arising in
connection with any product manufactured, shipped, sold or leased by, or any services provided

by, Brave Products before the date of purchase, subject to the limitations in Section 11.4.3

below."   Section 11.1, 11.1.2.

Section 11.4.3, as referenced in Section 11.1.2, states as follows:

> 11.4   Limitations on Indemnification.   Notwithstanding other
> provisions of Section 11, the rights of a party to
> indemnification under this Agreement shall be limited as
> follows:
> * * * * * *
> 11.4.3  Buyer's right to recover for Seller indemnification
> obligations under Section 11.1.2 above shall be limited to
> PL [Product Liability] Escrow Funds, which shall be
> disbursed to Seller, less reasonable documented costs and
> expenses of Buyer covered by such indemnification, which
> shall be returned to the Buyer, on the later of (a) the 1 year
> anniversary of the Closing, or (b) the final resolution of any
> such indemnified claims that exist on the 1 year anniversary
> of the Closing.

As such, Brave Products agreed to indemnify Great Northern for a product liability claim

arising in connection with a product manufactured by Brave Products.  The parties agreed to

deposit a portion of the purchase price with the Escrow Agent; and agreed that Great Northern's

right to recover for Brave Products' indemnification obligations are limited to the PL Escrow

Funds ("Product Liability Escrow Funds").

A separate Escrow Agreement was also created in connection with the Purchase

Agreement.  Pursuant to the Escrow Agreement, Great Northern was to deposit $50,000 into an

escrow account, to consist of the Product Liability Escrow.  The purpose of the Product Liability

Escrow was to pay for any liabilities arising out of Brave Products' indemnification obligations

to Great Northern, including its duty to indemnify Great Northern against claims identical to the

instant claim of Plaintiff.

Great Northern was required to deposit $50,000 into the Escrow Account to provide coverage for Product Liability claims that arose out of Brave Products' manufacture of a given product for which Great Northern was sued.  By creating this Escrow Account, Great Northern agreed to assume responsibility for liabilities of Brave Products, for which Brave agreed to defend and indemnify Great Northern against.

The Second Circuit has made it clear that personal jurisdiction is established where the buyer formally assumes the seller's debts.  *Cargo Partner AG*, 352 F.3d 41, 45 (2d Cir. 2003); *Schumacher v. Richards Shear Co.*, 59 N.Y.2d 239, 244-245 (1983).  Here, by creating the Escrow Account, which Great Northern was responsible for funding, Great Northern assumed Brave Products' debts, at least up to the $50,000 Product Liability Escrow Fund.

### B.    There is A Question of Fact Regarding Whether Great Northern De Facto Merged With Brave Products.

Contrary to the picture that Great Northern has attempted to paint, there is a question of fact regarding the nature of the purchase of Brave Products' assets.  It is well established that where the buyer acquired the seller's fixed assets and many of its intangible assets, such as good will, engineering, patents, copyrights, and the right to use the trade name, a question of fact exists as to whether there was a de facto purchase.  *Sweatland v. Park Corp.*, 181 A.D.2d 243, 245 (4 Dept 1992).  In this circumstance, the parties should be allowed to conduct discovery to determine whether the transaction constituted a de facto merger.  *Id.* (citing *Wensing v. Paris Industries - New York*, 558 N.Y.S.2d 692 (3 Dept 1990) (material issues of fact, precluding summary judgment, existed as to whether buyer corporation's acquisition of assets of seller corporation constituted a de facto merger, so as to pass to buyer corporation any liability seller

corporation might ultimately be found to have in connection with claim of injury arising from allegedly defective sled manufactured by seller corporation, where buyer had acquired in addition to seller's fixed assets, intangible assets including right to use seller's name).

First, despite Great Northern's attempt to characterize the transaction as a purchase of some, but not all, of Brave Products' assets and none of its liabilities, the terms of the Escrow Agreement indicate otherwise.  The Escrow Agreement states,

> WHEREAS, Seller [Brave Products] and Buyer [Great Northern] are entering into an Asset Purchase Agreement dates as of the date hereof (the "Purcahse Agreement")... **relating to the purchase of substantially all of the assets of Seller**...
> DiFranco Declaration, Exhibit B, p.1.

Pursuant to the terms of its own purchase agreement, Great Northern asserts that it is purchasing "substantially all of the assets" of Brave Products.

Furthermore, the fact that Great Northern acquired the brand name, "Iron and Oak," from Brave Products, which is the brand of log splitters that Plaintiff was allegedly using at the time of his accident, further supports a finding of a de facto merger.  Great Northern's argument that Brave Products continued to exist as a separately-owned Illinois corporation is disingenuous because Brave Products' owner, Paul Walker, actually confirmed that Brave Products filed for dissolution within a few months after Great Northern's purchase thereof.  See DiFranco Declaration, Exhibit C.

Great Northern's submission also confirms that it acquired (1) the design for various types of power equipment previously manufactured by Brave Products, including log splitters; (2) trademarks including the trademarks "BRAVE" and "IRON & OAK;" (3) domain names; and

-6-

(4) websites.  See Purchase Agreement, Schedule 1.4 (DiFranco Declaration, Exhibit A); and

Declaration of Stacy Foreman sworn to November 20, 2014, ¶ 10.

Not only did Great Northern acquire Brave Products' tangible assets, but it also acquired

its intangible assets, including trademarks, domain names and websites.  As such, there is a

question of fact as to whether the transaction constituted a de facto merger.  See *Sweatland v.

Park Corp.*, 181 A.D.2d at 245 and *Wensing v. Paris Industries - New York*, 558 N.Y.S.2d 692.

### CONCLUSION

The parties are entitled to discovery on the issues of (1) whether Great Northern assumed

Brave Products' debts through the creation and funding of the Product Liability Escrow Fund;

and (2) whether Great Northern de facto merged with Brave Products.  At the least, there is a

question of fact as to whether or not Great Northern is subject to this Court's jurisdiction, on

which the parties are entitled to discovery.  Therefore, this Court should DENY Defendant Great

Northern Equipment Distributing, Inc.'s motion to dismiss the Complaint.

Dated:  December 16, 2014

            /s/ Amy L. DiFranco
Amy L. DiFranco (Bar Roll No. 518213)
**CULLEY MARKS TANENBAUM & PEZZULO LLP**
*Attorneys for Defendant Sunbelt Rentals, Inc.*
36 West Main Street, Suite 500
Rochester, New York 14614
Tel. (585) 546-7830
Fax (585) 546-6185
adifranco@culleymarks.com